**UNITED STATES ex rel. Jamie JACKSON, Petitioner,**

v.

**Odie WASHINGTON and George Detella, Respondents.**

No. 97 C 6893.

United States District Court, N.D. Illinois, Eastern Division.

May 28, 1999.

Jamie Jackson, Joilet, IL, pro se.

Daniel Thomas Coyne, Chicago, IL, for petitioner.

William Lloyd Browers, Illinois Attorney General's Office, Chicago, IL, for respondent.

## MEMORANDUM OPINION AND ORDER

GETTLEMAN, District Judge.

Petitioner Jamie Jackson seeks a writ of habeas corpus based on two claims: (1) petitioner's Sixth Amendment rights were violated because his trial counsel was ineffective for a number of reasons; and (2) petitioner's Eighth Amendment rights were violated when he was sentenced to a term of natural life for the offense of first degree murder. Petitioner was convicted of murdering a gas station attendant during a robbery by striking the victim on the head with a gas cylinder.

After petitioner's conviction following a bench trial, but before he was sentenced, petitioner discharged his trial counsel, Robert Pantoga, and retained new counsel, Daniel T. Coyne, for purposes of prosecuting post-trial motions. Among those motions, petitioner's new counsel (who is ably representing petitioner in this habeas action) requested a new trial based on the ineffective assistance of trial counsel. An extensive evidentiary hearing was held by the trial judge, at the conclusion of which the motion was denied. Petitioner exhausted his state court appeals, and filed a post-conviction petition in the trial court which raised generally the same issues raised in the post-trial motion and in the instant habeas petition. Respondents agree that petitioner has exhausted his state court remedies.

Because the state court adjudicated the merits of petitioner's habeas claims, this court can not grant the writ under 28 U.S.C. § 2254(d)(1)(2) unless the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or ... resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See generally, Lindh v. Murphy,* 96 F.3d 856, 868–871 (7th Cir.1996), *rev'd on other grounds,* 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997); *U.S. ex rel. Gaines v. Gilmore,* 1998 WL 427612 (N.D.Ill. July 24, 1998).

Respondents argue that petitioner's claims concerning the fairness of the post-trial motion hearing and the propriety of his sentence were procedurally defaulted, citing *Verdin v. O'Leary,* 972 F.2d 1467, 1473–1474 (7th Cir.1992). This court agrees with petitioner that these claims were not procedurally defaulted because they were fairly presented to the state courts in a manner that would raise the constitutional issues presented in the instant petition.

With respect to the merits of petitioner's claim, the court has examined the trial court record and reviewed the appellate court opinion on direct appeal and the thorough briefs submitted by the parties in the instant case. The court concludes that the state court applied the proper legal standard in reviewing petitioner's Sixth Amendment claims, particularly *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), thus meeting the "contrary to" provision of § 2254(d)(1). The court further finds that the state court's application of the law to the facts of this case was not "grave enough to be called unreasonable." *Lindh,* 96 F.3d at 870. Although petitioner effectively points out a number of inconsistencies in the testimony of trial counsel at the hearing on the post-trial motion and does an impressive job attacking the ap-

pellate court opinion, this court cannot conclude that either the trial court or the appellate court made an "unreasonable determination of the facts."

■ As the trial judge pointed out in denying the motion for a new trial, counsel presented the case consistent with the defense theory that petitioner (who testified at trial) had fled the scene of the crime after discovering the victim's body when petitioner entered the station to pay for gas and a bag of potato chips. Most of the inconsistencies in the evidence adduced at the post-trial hearing related to the differences between petitioner's story and the theory of the prosecution (that petitioner pulled a gun on the attendant, forced him into a back room of the station, and there struck him with the cylinder). Trial counsel's failure to impeach prosecution witnesses, failure to obtain certain prior statements of witnesses (some of whom the prosecution denied having knowledge prior to the motion for a new trial), and failure to move to quash the arrest and the fruits of a search may seem ineffective in hindsight, but were considered by the judge who conducted the bench trial as inconsequential to the finding of guilt. It must be remembered that the judge found petitioner to be incredible, and based his verdict on the rather extensive forensic evidence as well as on petitioner's possession and use of a gun just prior to the commission of the crime.

Petitioner correctly points out that at the post-trial hearing, trial counsel was often uncooperative and at times (especially at the first session) downright belligerent. Although trial counsel's frequent lack of recall was understandably frustrating, and many of his tactical decisions were somewhat mystifying, he succeeded in presenting petitioner's principal defense to the court which, as noted above, found him to be incredible. While trial counsel could be criticized for not following all possible leads and failing to obtain all he could during pretrial discovery, he made his decisions after extensive consultation with petitioner, who (counsel claimed) had told trial counsel inconsistent stories concerning his actions and whereabouts at the time of the crime. Thus, while some of counsel's individual decisions on how to try the case may be suspect, taken as a totality they appear far more reasonable.

■ Petitioner's habeas attack on the trial judge's conduct during the post-trial hearings is also unfounded. Indeed, during the often contentious proceedings, the judge demonstrated admirable patience, a thorough knowledge of the law, and stated on several occasions that he would consider only relevant evidence in ruling on the post-trial motion. The judge correctly pointed out (properly overruling petitioner's objections to disclosure of certain conversations with his trial counsel) that *Strickland* holds that the reasonableness of trial counsel's actions must be viewed in light of the influence exerted by the client's own statements or actions, *and* that "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." 466 U.S. at 691, 104 S.Ct. at 2066. Of course, the trial judge, especially in a bench trial as in the instant case, is in the best position to determine if the errors of counsel demonstrated at the post-trial hearing would have altered his finding of guilt. The trial judge's conclusion—after hearing days of testimony and considering the briefs and arguments offered by petitioner's post-trial counsel—that none of these errors would have made a difference (i.e., were not prejudicial) is not "unreasonable" under *Strickland.*

Finally, it should be noted that because petitioner's trial was conducted by the court without a jury, trial counsel's tactics would likely have been quite different than those of an attorney who is trying his case to a jury. Not only does this court in deciding the habeas petition presume that the trial judge considered only competent evidence (*U.S. ex rel. Love v. Roth*, 1990 WL 207372 at *2 (N.D.Il. November 21,

1990)), but the lawyer trying the case is cognizant of this principle as well. *See also, People v. Beals*, 165 Ill.App.3d 955, 959, 117 Ill.Dec. 521, 520 N.E.2d 872 (1st Dist.1988) (absent a showing to the contrary in the record, it is presumed that in a bench trial the court considered only competent evidence in determining the verdict). This court is not in a position to interpose itself into the strategic context of the trial, where the decisions of trial counsel may well have taken into account the personality and disposition of the judge as well as the obviousness of the materiality and admissibility of certain evidence. In fact, in the instant case, trail counsel testified at the post-trial hearing that he had confidence that the judge would not consider obviously hearsay testimony by one of the prosecution witnesses, whom he decided not to cross examine in order to avoid "overemphasiz[ing] her testimony."

■ Under the *Strickland* standard, only "reasonably effective assistance," not perfection, is required. *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052. Although in hindsight one could criticize trial counsel's handling of this case, this court concludes that when considered in its totality his performance was "reasonably effective," albeit minimally so.

■ With respect to the claim that the harshness of the sentence violated the Eighth Amendment, petitioner has presented no convincing argument to contradict the appellate court's conclusion that there were sufficient aggravating circumstances to justify the imposition of a life sentence under an abuse of discretion standard.

Accordingly, the petition for a writ of habeas corpus is denied.